UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
LIBI HERZ and ESTHER HERZ,
     Appellants,

     -against-                          **APPELLANT BRIEF**
                                          18-CV-2991


RICHARD O'CONNELL and CHAPTER 7 TRUSTEE,
and MOSHIE SOLOMON
       Appellees.
-------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.


### Statements of Facts


My name is Libi Herz and I am the administratrix of the estate of David Herz.
In 2014, my mother Esther Herz, was notified by her sister in Israel that a solicitor from England was looking to contact her in regards to an inheritance that was left to my late father David Herz.
She was told the inheritance was approximately two hundred thousand dollars ($200,000).

My mother then hired an attorney in England to locate the funds.
We found that Hugh Anton Stephen was in control of the estate via Peter Alfred Birchwood of Celtic Research.

At that time, Hugh Anton Stephens requested documentation to prove that my mother and I are the beneficiary's of my late father David Herz.
Mr. Hugh Anton Stephens told my mother to notify the U.S. Trustee Richard O'Connell about the will, which she did in good faith.

1

Upon calling Mr. Richard O'Connell, he told my mother that although the
Bankruptcy proceeding of my late father David Herz was in 2011,
and the discharge was in 2012 he can still reopen the case.
He then tried to negotiate a deal and told my mother to give him half of the
money which would be one hundred thousand dollars ($100,000),
or he would sue us and reopen the bankruptcy case.

My mother was shocked and refused to pay him.
He told her he would make her life very difficult and cause her to incur
many expenses.
My mother told the trustee, that my late fathers estate did not owe any
debts.
Richard O'Connell's response was that we owe money for a water bill and
one Citibank credit card.
We then hired attorney Alan Sasson, to represent us in Bankruptcy Court.
He proved that we did not owe those alleged bills and those claims were
dismissed.

At that time we were supposed to receive an order from the Honorable
Judge Carla E. Craig to release my fathers inheritance of the will.
During that time, the Trustee was not awarded any legal fees.
Richard O'Connell and his attorney Moshie Solomon continued to look for
various reasons to bring up erroneous charges to continue to delay us from
receiving the inheritance.

Richard O'Connell then contacted Chase credit cards, regarding 2 old
credit cards that were under my late fathers name.
These credit card amounts were listed at the time my father filed for
Bankruptcy and those amounts were discharged.
He asked Chase to re open the case in the amount of approximately
$7,600. Chase Bank told him they have already been paid by there
insurance after the bankruptcy proceedings.
He ordered them to reopen the case as this would be the only and way he
can get his legal fees.
Chase continued to tell Richard O'Connell they do not want the money and
he asked them to donate it to him if they would not accept it.

2

My mother, Esther Herz, then contacted Chase and was told the trustee convinced them to re open the case but omitted the fact that David Herz was already deceased as of 2013.
This information was purposely withheld from Chase Bank as they can not and do not bring legal action against a deceased person.
We then asked the courts to dismiss this unjust claim but the trustee refused to close the case.

Trustee Richard O'Connell and his Attorney Moshie Solomon continued to attack my mother and I raising allegations.
They searched and found an old judgment under Esther Herz's name from the time she was in business in Land Lord Tenant Court.
He then contacted Lexington Insurance Company to inform them to immediately purchase this judgement at a low price against Esther Herz, so that they can then continue to sue my mother through her deceased husbands estate.

Four years after the bankruptcy case was closed and two years after my father died, he asked the courts to reconsider these claims against Esther Herz even though it did not have any correlation to David Herz.
At this time, Esther Herz had already fallen very ill and I, Libi Herz, was appointed the administratix of my late fathers estate.

Trustee Richard O'Connell and attorney Moshie Solomon continued for more than 4 years bringing up erroneous and illegitimate claims to purposely have us incur unnecessary court fees.
This caused us tremendous health and financial stress, as we have had legal fees of over $100,000.
Moshie Solomon testified in court that even if the claims are invalid or expunged, like they were, they still want there legal fees paid.
This was a blatant manipulation of the court system for there own financial gain. We told the courts of the initial $100,000 he wanted to not open this case, they argued this was a negotiation.
They have deliberately done everything they can to get as much legal fees as possible.

3

The trustee then asked that Judge Carla E. Craig order all of the inheritance into his control for distribution.

Judge Carla E. Craig on June 9, 2015  (see exhibit A ) put in an order DIRECTING TURNOVER of THE ESTATE and all funds from the England Inheritance and appointed Richard O'Connell as trustee for the Estate of David Herz.

We were against this decision, as we have already lost so much and this transfer would be very costly.

The judge promised to "keep a close eye" on the accounting.

At the end of this grueling and lengthy ordeal all claims made by Lexington Insurance were expunged and dismissed.

The only remaining claims were from Chase Credit Card of approximately $7,600. Judge Craig awarded the Richard E. O'Connell and Moshie Solomon $58,0000 in legal fees.

Richard O'Connell was appointed trustee of the estate of David Herz in 2015 but disobeyed a direct court order and did not fulfill his duty's.

He was supposed to distribute my fathers portion of his inheritance.

He then waived his rights to any of the inheritance and only wanted his legal fees. To this date we have not received any money from the inheritance. Trustee Richard O'Connell did not distribute the funds and only cared about his own gain. We have hired an attorney in England to sue Mr. Hugh Anton Stephens to give us the remaining inheritance as he was told by Richard E. O'Connell not to release the money to us.

This is yet another expense incurred because of Richard O'Connell's malpractice.

To further prove that Richard O'Connell has acted wrongly and not in good faith, on the same day that we filed this appeal, Richard O'Connell sent four (4) checks to be refunded to Chase Bank totaling of the amounts of $7,600. These checks were in his hands for many months, but he quickly returned them to Chase after hearing of the appeal.

4

Upon Chase receiving the checks from the trustee, they immediately notified us that they would not be accepting the money and would be returning it to Richard O'Connell, who would then return it to us for the estate of David Herz.

I contacted Richard O'Connell and he refused to transfer it to us and sent the checks back to Chase.

Chase bank apologized for the inconvenience and sent the total amount of $7,600 back to us for the estate of David Herz.

Please see attached (exhibit B) .

This further proves his inaccuracies.

This was one of the claims we always said my father did not owe it was discharged and yet they still received legal fees for his unjust claims.

On a claim of $7,600 that was discharged to ask for inflated legal fees of $58,000 is astronomical, and more than 7 times the supposed debt owed to his creditors.

We have been taken advantage of and have fallen into financial difficulty because of the deceitful tactic they have used for there own financial gains.

Exhibit C

We ask that the Honorable Judge Rosylnn R. Mauskopf to please return to us the $58,000 in legal fees, as Richard O'Connell did not fulfill his legally binding trustee duties.

We also ask that you please investigate his bill of accounting as we dispute his fees. Please award to us all the legal fees that we have spent.

Libi Herz

Libi Herz  4/25/19

Esther Herz

E Herz

5

**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★  APR 29 2019  ★

**BROOKLYN OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LIBI HERZ and ESTHER HERZ,
                          Appellants,

          -against-                                **MEMORANDUM AND ORDER**
                                                   **SETTING BRIEFING**
                                                   **SCHEDULE**
                                                   18-CV-2991 (RRM)

RICHARD O'CONNELL and CHAPTER 7
TRUSTEE,
                          Appellees.
------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

          The above-captioned bankruptcy appeal was filed on May 21, 2018 and has been

assigned to Judge Roslynn R. Mauskopf.  By letters dated June 13, 2018 (Doc. No. 2), July 18,

2018 (Doc. No. 4), and August 8, 2018 (Doc. No. 5), *pro se* appellants Libi Herz and Esther

Herz requested extensions of the time to file their appellate brief.  The Court GRANTS those

requests, *nunc pro tunc* to June 13, 2018.  As such, the time has not yet expired for the Herz's to

file their brief.

          The parties will comply with the following briefing schedule:

          **Appellants** shall serve their brief on appellee by April 30, 2019.

          **Appellees** shall serve their response on appellants by May 30, 2019.

          **Appellants** shall serve their reply on appellee, and file the fully-briefed appeal, by June

17, 2019.

          The Clerk of Court is directed to mail copies of this Memorandum and Order to Libi Herz

and Esther Herz, together with a copy of the entire docket sheet for this action, and note the

mailing on the docket.

SO ORDERED.

Dated:  Brooklyn, New York          *Roslynn R. Mauskopf*
         March 20, 2019
                                    _____
                                    ROSLYNN R. MAUSKOPF
                                    United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
LIBI HERZ and ESTHER HERZ,
         Appellants,

    -against-                                **MEMORANDUM AND ORDER
SETTING BRIEFING
SCHEDULE**
18-CV-2991 (RRM)

RICHARD O'CONNELL and CHAPTER 7
TRUSTEE,
         Appellees.
-------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

The above-captioned bankruptcy appeal was filed on May 21, 2018 and has been
assigned to Judge Roslynn R. Mauskopf. By letters dated June 13, 2018 (Doc. No. 2), July 18,
2018 (Doc. No. 4), and August 8, 2018 (Doc. No. 5), *pro se* appellants Libi Herz and Esther
Herz requested extensions of the time to file their appellate brief. The Court GRANTS those
requests, *nunc pro tunc* to June 13, 2018. As such, the time has not yet expired for the Herz's to
file their brief.

The parties will comply with the following briefing schedule:

**Appellants** shall serve their brief on appellee by April 30, 2019.

**Appellees** shall serve their response on appellants by May 30, 2019.

**Appellants** shall serve their reply on appellee, and file the fully-briefed appeal, by June
17, 2019.

The Clerk of Court is directed to mail copies of this Memorandum and Order to Libi Herz
and Esther Herz, together with a copy of the entire docket sheet for this action, and note the
mailing on the docket.

NPROSE

# U.S. District Court
## Eastern District of New York (Brooklyn)
### CIVIL DOCKET FOR CASE #: 1:18-cv-02991-RRM

Herz et al v. O'Connell et al
Assigned to: Judge Roslynn R. Mauskopf
Cause: 28:1334 Bankruptcy Appeal

Date Filed: 05/21/2018
Jury Demand: None
Nature of Suit: 422 Bankruptcy Appeal (801)
Jurisdiction: Federal Question

**Appellant**

**Libi Herz**                 represented by **Libi Herz**
                              1148 E. 10th Street
                              Brooklyn, NY 11230
                              917-251-2848
                              PRO SE

**Appellant**

**Esther Herz**              represented by **Esther Herz**
                              1148 E. 10th Street
                              Brooklyn, NY 11230
                              917-251-2848
                              PRO SE

V.

**Appellee**

**Richard O'Connell**        represented by **Moshie Solomon**
*Counsel For Chapter 7 Trustee*             Law Offices of Moshie Solomon, PC
                              5 Penn Plaza
                              23rd Fl
                              New York, NY 10001
                              212-594-7070
                              *LEAD ATTORNEY*
                              *ATTORNEY TO BE NOTICED*

**Appellee**

**Chapter 7 Trustee**        represented by **Richard E. O'Connell**
                              YOST & O'CONNELL
                              24-44 Francis Lewis Blvd
                              Whitestone, NY 11357
                              718-767-6400
                              Fax: 718-767-1824
                              Email: macrhi@verizon.net
                              *LEAD ATTORNEY*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

——————————————————— x

Libi Herz and Esther Herz.
        Appellants

              Plaintiff,            Affirmation of Service

       -against-

Richard O'Connell and Chapter 7    18 cv 2991 (RRM)
Trustee & Moshie Solomon
    Appellees      Defendant.

——————————————————— x

I, Libi & Esther Herz, declare under penalty of perjury that I have

served a copy of the attached Appellant Brief

upon Moshie Solomon

whose address is: Law Offices of Moshie Solomon, PC

5 Penn Plaza 23rd Floor New York, N.Y. 10001

Dated: 4/25/19
           , New York

                     Libi Herz  E. Herz
                     Signature

                     1148 E. 10th St.
                     Address

                     Brooklyn, N.Y. 11230
                     City, State, Zip Code

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

—————————————————— x

Libi Herz and Esther Herz
Appellants

Plaintiff,                    Affirmation of Service

-against-

Richard O'Connell and Chapter 7
Trustee and Moshie Solomon
Appellees          Defendant.          18 cv 2991 (RRM)

—————————————————— x

I, Libi & Esther Herz , declare under penalty of perjury that I have

served a copy of the attached Appellant Brief

upon Richard O'Connell

whose address is: Yost & O'Connell 24-44 Francis

Lewis Blvd. Whitestone, NY 11357

Dated: 4/25/19
                    ; New York

                    Signature

                    1148 E. 10th St.
                    Address

                    Brooklyn, N.Y. 11230
                    City, State, Zip Code

Affirmation of Service (USDC-EDNY) - January 2003

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------x
In re:

DAVID HERZ,                                            Chapter 7
                                                      Case No. 11-42921 (CEC)

                    Debtor.
-------------------------------------------x

## ORDER DIRECTING TURNOVER OF ESTATE PROPERTY

Upon the motion, dated March 24, 2015 (the "Motion"), of Richard E. O'Connell, Chapter 7 Trustee for the estate (the "Estate") of David Herz (the "Debtor"), for entry of an order pursuant to 11 U.S.C. §§ 541(a) and 542(a) directing Peter Robert Alfred Birchwood as Trustee for the Estate of Ellen Ruth Silberman (the "Silberman Estate") to turn over to the Trustee certain property of the Estate; and it appearing that the relief requested in the Motion is appropriate and warranted under the circumstances set forth in the Motion; and this Court having considered the Motion and the exhibits attached thereto; and a hearing on the Motion having been held before this Court on May 28, 2015 and the record thereof; and all objections to the Motion having being heard by this Court and overruled;

NOW THERFERFORE,

IT IS ORDERED, that Peter Robert Alfred Birchwood as Trustee for the Estate of Ellen Ruth Silberman be and hereby is directed to turn over and remit any and all funds that the Debtor is entitled to receive from the Silberman Estate directly to Richard E. O'Connell as Chapter 7 Trustee for the Estate of David Herz.

Dated: Brooklyn, New York
       June 9, 2015

                                        _Carla E. Craig_
                                        Carla E. Craig
                                        United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------

In Re:

DAVID HERZ

                      Debtor.
------------------------------------------------------------

AFFIDAVIT IN SUPPORT

Chapter 7

Case No. 11-42921-CEC

STATE OF NEW YORK  }
                    } ss.:
COUNTY OF KINGS    }

      LIBI HERZ, being duly sworn and under the penalties of perjury

deposes and says:

      1.    I am the administratrix of the debtor's estate in the above entitled

bankruptcy proceeding and as such I am familiar with the facts and circumstances of this

action. I make this affidavit in support of the instant motion objecting to the proofs of

claim filed by Chase Bank USA, N.A.

      2.    I have reviewed the proofs of claim submitted by this Creditor. I do not

believe my father's estate owes Chase money.  Furthermore, pursuant to my previous

attorney's communications with Chase it is purported that Chase no longer has a claim on

its credit cards which is the basis for its proof of claim.

      3.    My mother is in frail health and I believe we are being taken advantage as

there is no debts of the estate.

Ex B

WHEREFORE, your affirmant respectfully requests an order expunging Claim #6 and

Claim #7 filed by Chase Bank USA, N.A., together with any other and further

relief that this court deems just and proper.

LIBI HERZ

Sworn to before me this
___ day of August, 2017

Notary Public

DAVID OHARE
Notary Public - State of New York
NO. 01OH6311244
Qualified in Nassau County
My Commission Expires Sep 8, 2018

EX B

ROSENBERG, MUSSO & WEINER, LLP
*Attorneys At Law*

BRUCE WEINER,
ROBERT J. MUSSO

LOUIS P. ROSENBERG
(1908-1997)

ROBERT NADEL

26 COURT STREET
SUITE 2211
BROOKLYN, N.Y. 11242

(718) 855-6840
FAX NO. (718) 625-1966

Email: rmwlaw@att.net

May 8, 2015

Fax Only: (866) 643-9628

Chase Bank
Correspondence Dept.

Re:   David Herz
      Bankruptcy Case #: 14-42921

Dear Madam/Sir:

This office represents Esther Herz, the widow of David Herz. I also now represent Mrs. Herz in her husband's bankruptcy case. Last night I had lengthy phone conversations with Matt, Will and Amal of Chase. Amal suggested I send this letter as the legal representative. David Herz filed chapter 7 bankruptcy on April 8, 2011. Mr. Herz died on January 4, 2013 ( copy of death certificate Ex. 1). Chase filed proof of claim #6 on February 23, 2015 (Ex. 2) and claim #7 on February (Ex. 3). Chase did not learn of Mr. Herz's death until recently – a time after Chase filed the claims in the bankruptcy case.

Mrs. Herz has been advised that due to her husband's death, Chase no longer has a claim on its credit cards, which was the basis for the proofs of claim

With this letter Esther Herz is requesting Chase declare its claim a nullify and withdraw the proofs of claims filed in the bankruptcy court.

Mrs. Herz appreciates the actions of Chase to resolve this matter.

Very truly yours,

Robert J. Musso

RJM:cc

cc:   Esther Herz

*Ex B*



**Executive Office**
3415 Vision Drive OH4-7020
Columbus, OH 43219-6009

October 22, 2015

Esther Herz
1148 E. 10th St.
Brooklyn, NY 11230-4706

### Please contact the bankruptcy trustee

Dear Mrs. Herz:

I am writing in response to your correspondence about the estate accounts ending in 2687 and 8123. I apologize for the inconvenience you have experienced and am happy to respond.

We've reviewed these accounts and bankruptcy filings, and we are unable to withdraw the claims. Please contact the bankruptcy trustee for any additional information.  His contact information:

Richard E. O'Connell
Yost & O'Connell
Post Office Box 405
150-12 14th Avenue
Whitestone, NY  11357
(718) 767-6400

We've reviewed this matter thoroughly and will not respond again unless you provide us with new information.

Thank you for contacting us. If you have any further questions, please feel free to reach me at 1-888-622-7547, extension 654-8017.

Sincerely,

Deverre Majeed
Executive Office

EX B

Chase Card Services
Credit Card Check Operations TX3-7812
PO BOX 659822
San Antonio, TX 78265-9122

DJC0005 1 of 1 NSP0CCP0 Z1 000000000000
ESTATE OF DAVID HERZ
ATTN: LIBI HERZ
1148 EAST 10TH STREET
BROOKLYN NY 11230-0000

**CHASE**
Date 12/27/2018

Chase Bank USA, N.A.
201 North Walnut Street
Wilmington, DE 19801

REMITTANCE ADVICE
01

Check No. 0047964869

| INVOICE NUMBER | INVOICE DATE | DISCOUNT | NET AMOUNT | REMARKS |
|---|---|---|---|---|
| 2450672 | 12/27/2018 | 0.00 | 5759.96 | *N68244  2450672 4266902036022687 |
| VENDOR 0000000006 | TOTALS | 0.00 | 5759.96 | |

12/3/118

EX B

Chase Card Services
Credit Card Check Operations TX3-7812
PO BOX 659822
San Antonio, TX 78265-9122

CODD0006 1 of 1 NSP0CCP0 Z1 000000000000
ESTATE OF DAVID HERZ
ATTN: LIBI HERZ
1148 EAST 10TH STREET
BROOKLYN NY 11230-0000

| CHASE 〇 | | Chase Bank USA, N.A. | | REMITTANCE ADVICE | |
|---|---|---|---|---|---|
| Date 12/27/2018 | | 201 North Walnut Street | | 01 | |
| | | Wilmington, DE 19801 | Check No. 0047964870 | | |
| INVOICE NUMBER | INVOICE DATE | DISCOUNT | NET AMOUNT | REMARKS | |
| 2450675 | 12/27/2018 | 0.00 | 1872.54 | *N63244  2450675 4185821717238123 | |
| VENDOR 0000000096 | TOTALS | 0.00 | 1872.54 | | |

12/31/18

EX. B

Chase Card Services
Credit Card Check Operations TX3-7812
PO BOX 659822
San Antonio, TX 78265-9122

0000340 1 of 1 NSP0CCP0 Z1 000000000000
YOST & O'CONNELL
RICHARD O'CONNELL
P O BOX 405
WHITESTONE NY 11357-0000



| CHASE ⬡ | Chase Bank USA, N.A. | | | REMITTANCE ADVICE |
|---|---|---|---|---|
| Date 11/28/2018 | 201 North Walnut Street Wilmington, DE 19801 | | | 01 Check No. 0047962522 |

| INVOICE NUMBER | INVOICE DATE | DISCOUNT | NET AMOUNT | REMARKS |
|---|---|---|---|---|
| 2670835 | 11/28/2018 | 0.00 | 1872.54 | *FINTJR 2670835 4185821717238123 |
| VENDOR 0000000036 | TOTALS | 0.00 | 1872.54 | |

Please Detach Before Depositing Check

CHASE ⬡
Credit Card Check Operations TX3-7812
PO BOX 659822
San Antonio, TX 78265-9122

CHECK NUMBER: 0047962522
11/28/2018

AMOUNT
1,872.54

PAY TO THE
ORDER OF:   YOST & O'CONNELL
RICHARD O'CONNELL
P O BOX 405
WHITESTONE NY 11357-0000

Security feature
included.
Details on back

ONE THOUSAND EIGHT HUNDRED SEVENTY-TWO DOLLARS AND 54 CENTS

JPMorgan Chase Bank, N.A. Columbus, OH

Authorized Signature

⑈0047962522⑈  ⑆044⑄0003⑆  758661516⑈

Chase Card Services
Credit Card Check Operations TX3-7812
PO BOX 659822
San Antonio, TX 78265-9122

0000341 1 of 1 NSP0CCP0 Z1 000000000000
YOST & O'CONNELL
RICHARD O'CONNELL
P O BOX 405
WHITESTONE NY 11357-0000



| CHASE |  | Chase Bank USA, N.A. | | REMITTANCE ADVICE |
|---|---|---|---|---|
| Date 11/28/2018 |  | 201 North Walnut Street Wilmington, DE 19801 |  | 01 |
|  |  |  | Check No. 0047962523 |  |

| INVOICE NUMBER | INVOICE DATE | DISCOUNT | NET AMOUNT | REMARKS |
|---|---|---|---|---|
| 2670837 | 11/28/2018 | 0.00 | 5759.96 | *FINTJR  2670837 4266902036022687 |
| VENDOR C00000 3096 | TOTALS | 0.00 | 5759.96 |  |

Please Detach Before Depositing Check

CHASE
Credit Card Check Operations TX3-7812
PO BOX 659822
San Antonio, TX 78265-9122

CHECK NUMBER: 0047962523
11/28/2018

25-3
440

PAY TO THE
ORDER OF:
YOST & O'CONNELL
RICHARD O'CONNELL
P O BOX 405
WHITESTONE NY 11357-0000

AMOUNT
5,759.96

Security features
included.
Details on back.

FIVE THOUSAND SEVEN HUNDRED FIFTY-NINE DOLLARS AND 96 CENTS

JPMorgan Chase Bank, N.A. Columbus, OH

Authorized Signature

⑈0047962523⑈ ⑆044000037⑆ 758661516⑈

EXB

Richard E. O'Connell, Esq.
Chapter 7 Panel Trustee EDNY
And SDNY (Retired)
Post Office Box 405
Whitestone, NY 11357
917-671-7530
macrhi@gmail.com

December 7, 2018

Chase Credit Card Services
Credit Card Check Operations TX3-7812
PO Box 659822
San Antonio, TX 78265-9122

Re:  (1) *In re* David Herz, Case # 111-42921 cec
     (2) Your Remittance Advices (Invoice ## 2670837/35) and
         Checks ## 0047962522 and 0047962523

Gentlemen/Women:

On December 4, 2018, I received from you the above referenced invoice advices and checks, dated November 28, 2018, copies of which are annexed hereto (hereinafter, the checks and invoice advices will be referred to as the "11/28/18 Checks and Invoices"). The 11/28/18 Checks, dated November 28, 2018, in the respective amounts of $1,872.54 and $5,759.96, are drawn on Chase Bank USA, NA and are, without explanation, made jointly payable to Yost & O'Connell, my law firm, and to me. There are no funds due from Chase Bank USA, NA either to me or to my firm, and accordingly I am returning the 11/28/18 Checks and Invoices to you herewith.

For your information, I served as Chapter 7 Bankruptcy Trustee in the matter entitled *In Re* David Herz, Case # 11-42921 cec, filed in the United States Bankruptcy Court for the Eastern District of New York (the "Court"). As a matter of record, a copy of this letter is being filed on the docket of *David Herz* case, at Docket # 183.

On March 28, 2018 I filed my Trustee Final Report and Account in the *David Herz* case (the "TFR") with the United States Trustee, which subsequently approved the TFR and filed it on the docket of the Court on April 3, 2018. On my Application, and after notice and a hearing before the Court on May 2, 2018, a final Order in the *David Herz* case was entered by

1

*Ex B*

the Court on May 4, 2018, settling and allowing my Final Report and Account (the "*David Herz* Final Account Order").

Pursuant to the *David Herz* Final Account Order, the Court allowed Claims # 6 and 7, filed by Chase Bank USA, NA, on January 29, 2015 in the respective amounts of $1,872.54 and $5,759.96 (the "Chase Bank USA, NA Claims"). I paid the Chase Bank USA, NA Claims, together with allowed post-petition interest in the respective amounts of $38.27 and $108.48, by checks # 104-107, dated May 8, 2018, and drawn on the Bankruptcy Estate of David Herz (the "Herz Estate/Chase Bank USA, NA Dividend Checks"). I mailed the Herz Estate/Chase Bank USA, NA Dividend Checks on June 8, 2018, to Chase Bank USA, NA in care of Kevin J. Driscoll, Esq. of the law firm of Barnes & Thornburg LLP, attorney of record for Chase Bank USA, NA in respect of its claims # 6 and 7. Upon receipt by the Barnes & Thornhill firm, such checks were deposited at JP Morgan Chase Bank, NA, and cleared my account on June 15, 2018. On December 6, 2018, the United States Trustee filed my Trustee's Final Account and Distribution Report (the "TDR"), together with a Statement of No Objection to its allowance.

Subsequent to the entry of *David Herz* Final Account Order, and the final distribution of the funds in the *David Herz* Estate, I retired from active service as a Chapter 7 Panel Trustee in the Eastern District of New York. Under the circumstances detailed above, and in view of my retirement, I suggest that you refer this matter to the Barnes & Thornburg firm, and that any further correspondence with respect to this issue be addressed to Christine H. Black, Esq., the Assistant United States Trustee for the Eastern District of New York, at the address set forth below.

Very truly yours,

Richard E. O'Connell

cc: Christine H. Black, Esq.
Assistant United States Trustee
Eastern District of New York
271 Cadman Plaza East
Suite 4529
Brooklyn, NY 11201

2

Chase Bank USA, N.A.
c/o Kevin C. Driscoll, Jr.,
Barnes & Thornburg LLP,
1 North Wacker Drive, Suite 4400,
Chicago, IL 60606

Libi Herz and Esther Herz
1148 East 10th Street
Brooklyn, NY 11230

3

Exb

Chase Card Services
Credit Card Check Operations TX3-7812
PC BOX 659822
San Antonio, TX 78265-9122

ESTATE OF DAVID HERZ
ATTN: LIBI HERZ
1148 EAST 10TH STREET
BROOKLYN NY 11230-0000

| CHASE | Chase Bank USA, N.A.<br>201 North Walnut Street<br>Wilmington, DE 19801 | | | REMITTANCE ADVICE | |
|---|---|---|---|---|---|
| Date 12/27/2018 | | | | Check No. 0047964870 | 01 |
| INVOICE NUMBER | INVOICE DATE | DISCOUNT | NET AMOUNT | REMARKS | |
| 2450675 | 12/27/2018 | 0.00 | 1872.54 | *N68244  2450675 4185821717238123 | |
| VENDOR<br>0000000096 | TOTALS | 0.00 | 1872.54 | | |

12/31/18

Ex B

Chase Card Services
Credit Card Check Operations TX3-7812
PO BOX 659822
San Antonio, TX 78265-9122



0000005 1 of 1 NSP0CCP0 Z1 0000C0000000
ESTATE OF DAVID HERZ
ATTN: LIBI HERZ
1148 EAST 10TH STREET
BROOKLYN NY 11230-0000

## CHASE ◑

| | | | | | |
|---|---|---|---|---|---|
| Date 12/27/2018 | | Chase Bank USA, N.A.<br>201 North Walnut Street<br>Wilmington, DE 19801 | | REMITTANCE ADVICE<br>01<br>Check No. 0047964869 | |
| INVOICE NUMBER | INVOICE DATE | DISCOUNT | NET AMOUNT | REMARKS | |
| 2450672 | 12/27/2018 | 0.00 | 5759.96 | *N68244  2450672 4266902036022687 | |
| VENDOR<br>0000000096 | TOTALS | 0.00 | 5759.96 | | |



12/31/18



Cardmember Service
Post Office Box 15298
Wilmington, DE 19850-5298
1-800-436-7937



05/26/2015

ESTHER HERZ
1148 E 10TH ST
BROOKLYN NY 11230

RE: 418582171723XXXX (8123)

Dear Esther Herz:

This letter is confirmation that you have been removed from the credit card account indicated above. This change was effective on April 13, 2011.

If you have additional questions, please call us at the toll-free number noted above. For your convenience, we are available 24 hours a day to assist you.

Sincerely,

Kristi Carnnahan
Senior Servicing Specialist

Cardmember Service
Post Office Box 15298
Wilmington, DE 19850-5298
1-800-436-7937



05/26/2015

ESTHER HERZ
1148 E 10TH ST
BROOKLYN NY 11230

RE: 426690203602XXXX (2687)

Dear Esther Herz:

This letter is confirmation that you have been removed from the credit card account indicated above. This change was effective on April 18, 2011.

If you have additional questions, please call us at the toll-free number noted above. For your convenience, we are available 24 hours a day to assist you.

Sincerely,

Kristi Carnnahan
Senior Servicing Specialist

06/25/2017/FRI 11:48 AM                      FAX No.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------
In Re:                                    AFFIDAVIT IN SUPPORT

                                          Chapter 7

         DAVID HERZ                       Case No. 11-42921-CEC

                    Debtor.
--------------------------------------------

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF KINGS      )

         ESTHER HERZ, being duly sworn and under the penalties of perjury

deposes and says:

         1.    I am the widow of the debtor in the above entitled bankruptcy proceeding

and as such I am familiar with the facts and circumstances of this action. I make this

affidavit in support of the instant motion objecting to the proofs of claim filed by Chase

Bank USA, N.A. and to reconsider the June 9, 2015 Order.

         2.    I have reviewed the proofs of claim submitted by this Creditor. I do not

believe my husband's estate owes Chase money. Furthermore,

pursuant to my previous attorney's communications with Chase it is purported that Chase

no longer has a claim on its credit cards which is the basis for its proof of claim.

         3.    I am in frail health and I believe we are being taken advantage as there is

no debts of the estate.

EX B

**WHEREFORE**, your affirmant respectfully requests an order expunging Claim #6 and

Claim #7 filed by Chase Bank USA, N.A., together with any other and further

relief that this court deems just and proper

E. HERZ

ESTHER HERZ

Sworn to before me this
21st day of August, 2017

Notary Public

DAVID DHARE
Notary Public - State of New York
NO. 01DH6311244
Qualified in Nassau County
My Commission Expires Sep 6, 2018

Ex B

ESTHER HERZ
1148 East 10th Street
Brooklyn, New York 11230

CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF
NEW YORK

2015 OCT -7  P 3: 56

RECEIVED

October 7, 2015

Clerk of the Court,
Bankruptcy Court, Eastern District
271 Cadman Plaza East
Brooklyn, NY 11201

RE: Chapter 7/Case No. 11-42921

Dear Sir or Madam:

Please be advised, this letter serves as an indication of my position in this above referenced bankruptcy action. I just received the transcripts yesterday and I feel like I have to write this in honor of my husband he is not a liar.

I am appearing in the within action as a beneficiary of the Estate of David Herz, Debtor. I seek to explain or further enlighten the Court on the chain of events leading up to and surpassing my husband's death.  I will submit documents that show that the case has been resubmitted due to many egregious errors.

The reason David Herz did not disclose the information regarding the asset in question is because he had no knowledge of its existence. David Herz died January 4, 2013 without a Will. On January 23, 2013, my sister from Israel contacted me. She informed that someone had been trying to reach David and me from England with information regarding an estate. I then retained Sydney Mitchell, LLP (see enclosed retainer), because the attorney's in England refused to speak to me without legal representation. There would have been no reason to re-open the case in order to include the asset. I had no knowledge of it and Mr. Herz was also unaware of the asset in question. We had only found out that he had been mentioned as an heir in the Will in May, 2013.

We did not know anything about a Last Will and Testament and additionally we had known nothing of anything being left to him after probating of said Will. The asset in question which was being distributed from the Estate of Silverman had originated in England. How would we have known anything about said document? As of August 2013, the Will was in the process of being probated.  I still had no knowledge of what was included in the Will.

When we did find out about the distributive award, the attorney was very forth coming with the information even asking about a possibility of distribution.

We were not trying to deceive anyone. We honestly had no knowledge about the Will. All information the lawyer's had in England was forwarded to our address in Israel.

$\mathcal{E} \subset$

I have provided all documentation proving that we didn't know anything. I have emails detailing the specific timeline of all conversations.

Thank you very much for your attention to this matter.

Esther Herz                    *E. HERZ*

Law Offices of Moishe Solomon, P.C.
By: Moshie Solomon, Esq.
5 Penn Plaza, 23rd floor
New York, NY 10001

Frenkel, Lambert, Weiss, Weisman, LLP
By: Barry Weiss, Esq.
1 Whitehall Street, 20th floor
New York, NY 10004

EXC

Moshie Solomon
LAW OFFICES OF MOSHIE SOLOMON, P.C.
5 Penn Plaza, 23rd Floor
New York, NY 10001
(212) 594-7070

*Counsel for Richard E. O'Connell, Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
In re:

DAVID HERZ,

Chapter 7
Case No. 11-42921 (CEC)

Debtor.
-------------------------------------------------x

### CHAPTER 7 TRUSTEE'S OBJECTION TO DEBTOR'S MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 305(a) AND 707(a) DISMISSING HIS CHAPTER 7 CASE

TO:   THE HONORABLE CARLA E. CRAIG,
     CHIEF UNITED STATES BANKRUPTCY JUDGE

Richard E. O'Connell, chapter 7 trustee (the "Trustee") for the estate (the "Bankruptcy Estate") of David Herz (the "Debtor"), by and through his undersigned counsel, submits this objection to the motion (the "Motion") of the Debtor for entry of an order pursuant to 11 U.S.C. (the "Bankruptcy Code") §§ 305(a) and 707(a) dismissing the captioned bankruptcy case (the "Chapter 7 Case"), and respectfully represents as follows:

1. The Motion is predicated entirely on the fact that as of the date of the Motion, all creditors who had filed proofs of claim in this Chapter 7 Case had withdrawn those claims, and no other creditors had come forth with claims against the Bankruptcy Estate. The Debtor argues, therefore, that since there were no creditors seeking a distribution from the Bankruptcy Estate, the Trustee had no reason to administer the Bankruptcy Estate and the Chapter 7 Case should be dismissed.

Ex C

6.   The Trustee has been in contact with the attorney for the Silberman Estate several times since the case has been reopened to ascertain the status of the proceedings in England, and is currently awaiting an update as to the status of such proceedings.  The Trustee has also requested and is awaiting information as to whether the trustee for the Silberman Estate will require any additional documentation, or an Order of this Court requiring turnover of the funds, to facilitate the conclusion of the proceedings in England and allow for the proper distribution of the funds to the Bankruptcy Estate.

7.   For the reasons set forth above, we respectfully submit that there is no cause to dismiss this Chapter 7 Case at this point in time, and a dismissal is not in the best interest of the Bankruptcy Estate nor the creditor thereof.

**WHEREFORE,** for all the reasons stated herein, the Trustee respectfully requests that the Court deny the Motion, and grant such other and further relief as is just and proper.

Dated:  New York, New York
       January 8, 2015          LAW OFFICES OF MOSHIE SOLOMON, P.C.
                               5 Penn Plaza, 23rd Floor
                               New York, NY 10001
                               (212) 594-7070

                               By___s/ Moshie Solomon_____
                                  Moshie Solomon

*Counsel for Richard E. O'Connell, Chapter 7 Trustee*

3

Ex C

4

1 argument, let's just say the statute of limitations -- when the
2 Court rules, the Court rules in Mr. Herz's favor.  If that were
3 the case, then any action -- any other pending action in other
4 courts, and there are several which Lexington has brought in
5 Civil Court as well as the Supreme Court, all those will be --
6 in essence be ruled moot.  So we are simply asking the Court to
7 delay that --

8          THE COURT:  But why -- what's wrong with having the
9 -- this -- the case has been reopened.  I issued an order, and
10 why shouldn't we have the trustee hold the funds if for any --
11 there are other creditors, aren't there?  Is that what you were
12 telling me?

13          MR. SOLOMON:  Yes, Your Honor.  There are -- there's
14 one other creditor with two claims.  It's Chase Bank, USA.

15          THE COURT:  And what's the amount?

16          MR. SOLOMON:  Again, relatively small amounts.  I
17 believe together it's about eight or nine thousand dollars.
18 But they're creditors of the estate, and they're entitled to
19 know where their money is --

20          THE COURT:  That's true.

21          MR. SOLOMON:  -- and to have the estate, the trustee
22 holding their money.  Your Honor, I'm not sure what the problem
23 exactly is.

24          THE COURT:  Yes.  What's the problem with having the
25 trustee receive the money and --

WWW.JJCOURT.COM

EX
G

10

1    MR. PANTALEON:  They're citizens of another country,

2 Your Honor, and that's something that they've informed me.

3          MS. L. HERZ:  And we also have --

4          MR. PANTALEON:  And there will be a --

5          THE COURT:  There is another -- there is -- I'm

6 sorry.

7          MR. SOLOMON:  Your Honor, I just -- if I may?  You

8 know, while I understand and I sympathize with the idea that

9 ultimately if Mrs. Herz is successful with the objections

10 against Lexington --

11          THE COURT:  Wait.  Transfer fees?  What are you

12 talking about?

13          MS. L. HERZ:  When you transfer pounds into dollars,

14 and to bring over the money into the United States we lose

15 $7,000.  We've already spoken to the banks.  Now, we are --

16          THE COURT:  How do you lose $7,000?

17          MS. L. HERZ:  Because we spoke to the bank and the

18 transfer funds, and the trustee, basically through all the

19 transfers we will lose approximately $7,000.  There's a

20 changing of money, so when you bring over a large amount of

21 money from another country you lose a large amount of it.  And

22 we are citizens of another country.

23          THE COURT:  Because -- why do you lose a lot of --

24 why do you lose money?

25          MS. L. HERZ:  When you transfer --

WWW.JJCOURT.COM

EX
C

11

1    THE COURT: You mean, you lose money on the exchange?

2    MS. L. HERZ: Exactly. Exactly. On the exchange,

3 and also the --

4    COURTROOM DEPUTY: Please state your name?

5    MS. L. HERZ: My name is Libi Herz.

6    THE COURT: So you -- you want to take the money in

7 pounds?

8    MS. L. HERZ: Exactly. We would like to leave it in

9 England. We have family in England. We have family in Israel.

10 We are citizens of another country. And also, we want to prove

11 that all those little claims we actually don't owe. We owe

12 nothing. We have proof that we owe nothing, that's why we're

13 asking the Judge, Your Honor, to please wait until our next

14 hearing, if there is a statute of limitations, then they have

15 no basis to even control any of money.

16    MR. SOLOMON: Your Honor?

17    MR. PANTALEON: Your Honor, I don't think that's

18 being unfair, Your Honor, because simply -- this matter has

19 been -- my understanding is this matter has been going on for

20 so long, another month or two is not going to hurt anyone, and

21 it may help clear the waters with the other actions in the

22 Supreme Court and Civil Court. If they are resolved and the

23 statute of limitations act matter being resolved, it will clear

24 the waters if we were just to give it a little bit more time to

25 have all the matters in the other courts, which deal with the

19

1   the benefit of the Herz family.  If ultimately the money

2   belongs -- it will go to --

3               THE COURT:  Right.

4               MR. SOLOMON:  -- the decedent's estate, that's where

5   the trustee will distribute it to, and that's where we're going

6   to go --

7               MS. E. HERZ:  It's wrong.

8               MR. SOLOMON:  And that's -- you know, with Mr. Herz

9   filing a bankruptcy case he submitted himself to the

10  jurisdiction of this Bankruptcy Court, and here we are, so we

11  need to --

12              MS. L. HERZ:  She's also not the administrator --

13              THE COURT:  Is there some way of minimizing the

14  transfer -- the fees that have to -- is this a currency -- a --

15              MR. SOLOMON:  I can certainly speak to counsel for --

16              THE COURT:  I'm not sure what's the -- whether it's a

17  transfer fee.

18              MR. SOLOMON:  I'll speak to counsel for the England

19  trustee and make sure that whatever is done is done in the most

20  inexpensive way possible.

21              MR. PANTALEON:  Your Honor --

22              THE COURT:  Yes.  That seems like a high amount.

23              MS. L. HERZ:  Because the trustee gets funds from

24  that.

25              THE COURT:  The -- this trustee --

APR/24/2018 20E 4   AM
OCT-26-2015 11   From:JJ COURT TRANSCRIBER 6095073599           To:17103777514           P.20/33

20

1    MS. L. HERZ:  He takes --

2    THE COURT:  He gets funds.

3    MS. L. HERZ:  Correct.

4    MS. E. HERZ:  No, no, no.

5    MS. L. HERZ:  And also the other --

6    MS. E. HERZ:  Only the transaction alone is --

7    THE COURT:  Well, the other trustee is going to get

8  funds no matter what.

9    MS. E. HERZ:  If we owe.  If we owe.  If we show that

10  we don't owe, then he pay us.  And we will prove it, Your

11  Honor.

12    THE COURT:  Okay.

13    MS. E. HERZ:  I have proof here.

14    MR. PANTALEON:  No, no, no   You need to stop.

15    THE COURT:  If it turns out that there is no -- that

16  there are no creditors of this estate --

17    MS. E. HERZ:  Exactly.

18    THE COURT:  -- then the trustee -- the bankruptcy

19  trustee does not get a fee, correct?  If you don't have anybody

20  --

21    MR. SOLOMON:  If there's no distributions to

22  unsecured creditors that's correct, Your Honor, but there will

23  be administrative expenses for all the appearances in court

24  that were not necessarily required by the trustee, were

25  required by other parties, as well.  But there will be

WWW.JJCOURT.COM

Ex

C

28

1          THE COURT:  But what if I conclude that, in fact, the

2  statute of limitations has run on any claim that Mr. -- that

3  Lexington may have against the estate of David Herz?  And what

4  if they provide proof that the $10,000 claim that's owed --

5  that Chase has filed has in fact been paid?

6          MR. SOLOMON:  Yes, Your Honor.

7          THE COURT:  Then what?

8          MR. SOLOMON:  Then those funds would --

9          THE COURT:  Then --

10          MR. SOLOMON:  -- go to the decedent's estate.

11          THE COURT:  Then you're going to come with a bill for

12  $30,000, $50,000 for all of this litigation, and they get the

13  balance?

14          MR. SOLOMON:  I don't know if it's $30,000 or

15  $50,000.  Whatever the administrative fees, and attorney's fees

16  are, and expenses are, yes, Your Honor, that's what we would be

17  requesting to be paid, and the balance would go to the estate.

18  It's administrative -- it's the Bankruptcy Code administrative

19  expense and the way that it runs.  I mean, that's the

20  bankruptcy case, that's the law, and we would expect that this

21  Court should uphold the Bankruptcy Code as -- as it is.

22          THE COURT:  Right.  But if -- I guess I'm saying what

23  is the -- if there is no -- if there isn't a creditor, or if

24  there aren't any creditors in this estate, then what are we

25  doing here?

29

1    MR. SOLOMON:  Agreed, Your Honor.  But as of right

2    now there are creditors of this estate.

3        THE COURT:  They're disputed creditors, but they're

4    creditors.

5        MR. SOLOMON:  Well, only one is disputed.  The other

6    -- and the dispute I heard for the first time today, and that's

7    understandable.  As of right now there is no claims objection

8    pending against those other two claims.  Even if they're

9    disputed, Your Honor, I mean, as you know, proofs of claims are

10   presumptively valid until found otherwise by the Court.  So the

11   trustee has an administrative purpose here.  I mean, the

12   trustee is doing what he is supposed to be doing, which is

13   collecting assets, holding them for the benefit of the

14   creditors, and then making proper distributions at the end of

15   the case in accordance with the Bankruptcy Code.  This is the

16   trustee's duty under the bankruptcy law.

17       THE COURT:  Okay.  Well, does the trustee have some

18   duty to -- to examine the validity of the claims before he runs

19   up a lot of money in administering the estate?

20       MR. SOLOMON:  Well, Your Honor, if a purpose is

21   served, and right now, you know, if we don't even get the

22   funds, there is no funds in the estate right now, there's

23   nothing in the estate.

24       THE COURT:  Right.

25       MR. SOLOMON:  So if the funds never come in there's

APR 24 2013/TUE 10:02 AM                    FAX No.                    P. 017/031
OCT-06-2015 11:32 From:JJ COURT TRANSCRIBER 6095873599        To:17183777514        P.13/16

30

1  no purpose to be served anyway to review the proofs of claims.

2  The trustee's position has been all along once the funds come

3  into the estate then claims will be reviewed in the proper

4  course.  If it turns out that all the claims are invalid the

5  trustee will do what he needs to do.  Again, his duty is to

6  file claims objection motions if it turns out that's the way

7  things work --

8           THE COURT:  Okay.  Let me just put it -- let me just

9  say this to you.

10          MR. SOLOMON:  Sure.

11          THE COURT:  That if it turns out at the end of this

12 day -- of the day, that there aren't any creditors and this was

13 just an exercise to get leverage over the Herzs, and that --

14 and to generate fees for the trustee, then I'm going to be

15 looking with a very skeptical eye at the fee application.

16          MR. SOLOMON:  I understand, Your Honor, but that's

17 not a fair statement.  I just -- just for the record --

18          THE COURT:  I'm just saying if.

19          MR. SOLOMON:  Okay.  If.  But again --

20          THE COURT:  If it turns out that way.

21          MR. SOLOMON:  If it turns out that way, but

22 recognizing the fact that a trustee would normally run --

23 listen, Your Honor, if we didn't have constant motions,

24 objections being filed to simple motions, and if we didn't have

25 --